THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BREANNA R. MISTLER,<br><br>　　　　　Defendant. | CASE NO. CR24-0085-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to revoke the magistrate judge's detention order (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Defendant is currently detained pending trial on charges of assault in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(4). (Dkt. Nos. 1, 13, 18.) This is based upon allegations that Defendant was seen kicking and shaking her two-year-old child while on a flight returning from Mexico. (Dkt. No. 1 at 3.) At Defendant's May 6, 2024, detention hearing, the United States Pretrial Services and Probation Office ("Pretrial Services") recommended Defendant be released to her home in Davis, California, where she is a lifelong resident, subject to all the standard conditions and certain special conditions of supervision. (Dkt.

No. 11 at 5.)[1] Nonetheless, the magistrate judge found detention was warranted due to Defendant's "instability, the nature of the offense, and the vulnerability of the alleged child victim." (Dkt. No. 13 at 2.) Defendant now moves for revocation of the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b), arguing the judge erred both in holding a detention hearing and in ordering detention. (Dkt. No. 16 at 1.)[2] The Government opposes. (*See* Dkt. No. 20.)

The Court reviews a magistrate judge's detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). Thus, the Court makes its own factual findings and reaches an independent conclusion about whether a defendant should be detained, without deference to the magistrate judge's decision. *Id.* In the instance of pretrial detention, a defendant may be detained only if "no condition or combination of conditions will reasonably assure the [defendant's] appearance . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance, and by clear and convincing evidence that no conditions will reasonably assure the safety of the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). When analyzing whether conditions can reasonably assure the defendant's appearance and the safety of the community, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the danger to the community the defendant would pose if released. 18 U.S.C. § 3142(g).

Here, the Court cannot conclude that the Government has met its burden. First, although

---

[1] These special conditions include (1) restricting travel to the Western District of Washington and the Eastern District of California, (2) surrendering all passports or travel documents, (3) maintaining a residence as directed, (4) undergoing a mental health evaluation and following treatment recommendations, and (5) having no direct or indirect contact with her child without approval by Child Protective Services and Pretrial Services. (*Id.*)

[2] Because the Court concludes pretrial detention was not warranted in this case, it declines to consider whether a detention hearing was required under 18 U.S.C. § 3142(f).

Defendant's alleged conduct is serious, she is charged with misdemeanor assault carrying a statutory maximum of one year imprisonment. *See* 18 U.S.C. § 113(a)(4). Second, Defendant's criminal history is limited. (*See* Dkt. No. 16 at 7.) Although Defendant was previously convicted of arson, the circumstances of that case appear relatively mild. Defendant set fire to a garbage pile on the fence line at her grandparents' home and, according to defense counsel, Defendant is expected to receive a probationary sentence. (*Id.*)[3] Third, and most importantly, Defendant's danger to the community, including her child, is minimal—at least when accounting for Pretrial Services' recommended conditions. Indeed, the child has been removed from Defendant's custody and is currently the subject of dependency proceedings. (Dkt. No. 17 at 1.) According to the Defendant's attorney in those proceedings, it will take approximately six months before Defendant is offered a reunification plan, which will require her to receive services and take proactive steps to be reunified with her child. (*Id.*) And while this case is pending, Defendant will not be allowed contact with her child except, at most, through limited supervised visits. (*Id.*)

Based upon these facts, the Court FINDS that the factors articulated in 18 U.S.C. § 3142(g) weigh in favor of release, and that the conditions recommended by Pretrial Services will reasonably assure Defendant's appearance and community safety.[4] And to the extent there is concern over Defendant's ability to circumvent supervision and contact her child, such concerns appear speculative. While Pretrial Services' conditions cannot "guarantee" community safety and Defendant's appearance, "the standard under § 3142(g) is reasonable assurance." *United States v. Djoko*, 2019 WL 4849537, slip op. at 5 (W.D. Wash. 2019) (citing *United States v. Orta*, 760 F.2d 887, 889–90 (8th Cir. 1985)). That standard is met here.

---

[3] After her brother's sudden death in October 2023, Defendant was also charged with burglary, but those charges were ultimately dismissed. (*Id.* at 7–8.)

[4] This conclusion is consistent with the longstanding principle that, "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

1   For the foregoing reasons, Defendant's motion to revoke the magistrate judge's detention
2 order (Dkt. No. 13) is GRANTED. Defendant shall be RELEASED on appearance bond pending
3 trial, subject to the standard and special conditions recommended by Pretrial Services in its
4 supplemental pretrial services report (Dkt. No. 11).
5   DATED this 23rd day of May 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE