THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR24-0085-JCC |
| Plaintiff, | ORDER |
| v. | |
| BREANNA R. MISTLER, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to suppress (Dkt. No. 30). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion in part and DENIES it in part for the reasons explained herein.

Defendant is charged with assault on an airplane, in violation of 18 U.S.C. § 113(a)(4) and 49 U.S.C. § 46506(1). (Dkt. Nos. 1 at 2, 18 at 1–2.) She moves to suppress statements made to law enforcement while being escorted from the airplane arrival gate to airport customs, where she was later arrested. (Dkt. No. 30 at 1–2.) Defendant argues that she was not properly *Mirandized*[1] prior to making these statements. (*Id*. at 8.)

It is uncontested that Defendant was in a custodial setting when she made these statements, and the Government indicates that it does not seek to introduce these statements at

---

[1] *See Miranda v. Arizona*, 348 U.S. 436 (1966).

trial. (Dkt. Nos. 30 at 8, 31 at 3.) However, the Government contends they are admissible for impeachment purposes at trial. (Dkt. No. 31 at 4.) The Court agrees. Indeed, courts permit counsel to use "'incriminating yet voluntary and reliable statements elicited in violation of *Miranda* requirements'" for the purpose of impeaching defendants' own testimony at trial. *United States v. Rosales-Aguilar*, 818 F.3d 965, 970 (9th Cir. 2016) (quoting *James v. Illinois*, 493 U.S. 307, 311–12 (1990)). However, any use of a defendant's involuntary statement obtained in violation of *Miranda* is not permitted. *Bradford v. Davis*, 923 F.3d 599, 615 (9th Cir. 2019) (citing *Mincey v. Arizona*, 437 U.S. 385, 397–98 (1978)). Here, Defendant does not contest that the statements she moves to suppress were voluntary, and nothing in the record suggests otherwise. (*See generally* Dkt. Nos. 1, 18, 30, 31.)

Accordingly, Defendant's motion (Dkt. No. 30) is GRANTED in part and DENIED in part. The Government may introduce these statements at trial, for the limited purpose of impeaching Defendant if she chooses to testify on her own behalf—but not for its case-in-chief.

DATED this 12th day of July 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE